UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KENTA LITTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-CV-00065 JMB |
| WALMART CLAIMS SERVICES, INC., | ) ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Kenta Little for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 3]. Having reviewed the financial information submitted in support, the Court finds that the motion should be granted. Additionally, for the reasons discussed below, plaintiff will be directed to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Kenta Little is a self-represented litigant who brings this civil action against Walmart Claims Services, Inc. She asserts that this Court has federal question jurisdiction based on the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301, *et seq*.[1] The basis of the complaint is plaintiff's contention that she purchased "an expired product" from Walmart in

---

[1] Plaintiff cites to the FDCA at 21 U.S.C. § 342. The FDCA begins at 21 U.S.C. § 301 and goes on for several sections. The section of the Act which relates to adulterated food is § 342.

2

Vandalia, Missouri, on June 19, 2024.[2] She claims that she then consumed the unidentified product, and it "[e]xacerbated" her preexisting brain injury and mental health conditions."[3] She further claims that defendant Walmart Claims Services, Inc., failed to comply with Missouri Revised Statutes §§ 537.760-537.765,[4] "which led to the injuries [plaintiff] continue[s] to suffer from." Plaintiff seeks ten million dollars in damages.

## Discussion

For the reasons discussed below, plaintiff will be directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

A. **Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter

---

[2]Plaintiff has failed to identify in her complaint the alleged "expired product" she purportedly purchased and consumed from Walmart.

[3]Plaintiff does not indicate what her alleged "preexisting brain injury" is.

[4]Plaintiff seeks relief under Missouri state law statute for strict products liability.

3

jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff asserts that this Court has federal question jurisdiction over her case. However, as discussed below, it does not appear that either federal question jurisdiction or diversity jurisdiction is present.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of

4

action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Here, plaintiff asserts that her case implicates a federal question because she believes a cause of action arises under the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301, *et seq*. However, she is incorrect in her assertion.

The FDCA provides that "all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337(a). The Supreme Court has opined that this provision "leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance" with the FDCA. *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341, 349 n.4 (2001). Applying *Buckman,* courts have rejected claims to directly enforce the FDCA by private litigants such as plaintiff. *See, e.g., Riley v. Cordis Corp.,* 525 F. Supp. 2d 769, 776–77 (D. Minn. 2009) (applying *Buckman* to a claim stemming from an injury allegedly caused by a medical device regulated under the FDCA); *Young v. PepsiCo, Inc.,* No. 20-cv-1486 (PAM/KMM), 2020 WL 4572067, at *1 (D. Minn. Aug. 8, 2020) (dismissing, pursuant to *Buckman*, plaintiff's claim that PepsiCo violated the FDCA by "mislabeling" Mountain Dew Voltage as "charged with raspberry citrus flavor" when it contained no raspberry). As they form part of the FDCA's regulatory regime, the Current Good Manufacturing Practices cannot be enforced through a private action. *See* 21 U.S.C. § 342 (describing "adulterated" food); 21 C.F.R. § 110.80 (2023) (prescribing methods to prevent food from becoming "adulterated" within the meaning of the FDCA).

Given the aforementioned, plaintiff has not presented facts demonstrating that her federal rights were violated or that she has the ability to pursue such rights though federal law. As such, plaintiff lacks federal question jurisdiction in this matter.

5

## C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. See also *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff claims that she is a citizen of the State of Missouri. She is suing defendant Walmart Claims Services, Inc., whom she claims is a corporation incorporated under the laws of Missouri with its principal place of business in the State of Kentucky. "For almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship," *Howell by Goerdt v. Tribune Entm't Co.,* 106 F.3d 215, 218 (7th Cir.1997) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)), a crucial prerequisite which every plaintiff seeking diversity jurisdiction has the

6

burden of alleging and eventually proving, *see Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). The diversity statute's text deems a corporation a citizen of the "State where it has its principal place of business," or where it has its "nerve center," in addition to its state of incorporation. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 96-97.

Because plaintiff alleges that both she and defendant Walmart Services, Inc. are citizens of the same State, Missouri, she cannot assert that there is diversity of citizenship in this action.[5]

**D. Order to Show Cause**

As discussed above, plaintiff has not adequately provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff will be ordered to show cause within thirty (30) days of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

**E. Motion to Appoint Counsel**

Before the Court is plaintiff's motion for appointment of counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998)

---

[5]The Court notes that plaintiff also has not properly alleged that the amount in controversy is more than $75,000, or the statutory amount. Rather, in her complaint she states in a conclusory manner that "because of medical injuries" due to consuming an **unidentified** expired product from Walmart, she is entitled to ten million dollars in damages. The Court finds that plaintiff's conclusory allegations regarding the amount in controversy fail to satisfy her burden of proving the jurisdictional amount by a preponderance of evidence. *See e.g., Kedrowski v. Lycoming Engines,* 2015 WL 2165798, at *4 (D. Minn. May 8, 2015) (holding that allegations of "severe emotional distress ... including but not limited to substantial fright, extraordinary stress, anxiety and apprehension culminating in severe damages and pain and suffering ... insufficient to establish the jurisdictional amount by a preponderance of the evidence"); *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (punitive damages can be included but "the existence of the required amount must be supported by competent proof.").

(stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, plaintiff is being directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff is required to show cause in writing and within **thirty (30) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

Dated this 25th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9